[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #106
The defendant moves to dismiss the plaintiff's foreclosure action against it on the ground of venue. The subject properties are located at 202-204 Summerfield Avenue, Bridgeport, Connecticut, 21 Taylor Road, New Milford, Connecticut and 332 West Meetinghouse Road, New Milford, Connecticut. CT Page 13276
The defendant argues that General Statutes § 51-345
(b)[1] requires the plaintiff to bring two separate actions in the Fairfield and Litchfield judicial districts, citing AmericanMortgage Corp. v. Hope, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 446532 (April 21, 1994, Berger, J.) (9 C.S.C.R. 627), as authority. The plaintiff argues that § 51-345(b) allows it to bring the present action since part of the subject property is located in the Fairfield judicial district.
In Stauffer v. Manganello, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 039995 (March 4, 1993) (Curran, J.) (8 CONN. L. RPTR. 429), the plaintiff made claims against property belonging to the defendant in the Ansonia/Milford and Litchfield judicial districts. In denying the defendant's motion to dismiss for improper venue, the court held: "Since the plaintiff's action also involves title to property in Ansonia, this court has jurisdiction. Therefore the defendants' motion to dismiss may be denied on the ground that the action was brought in the proper venue. In addition, improper venue would only be grounds to transfer the matter, and not grounds for a motion to dismiss Since § 52-19 of the General Statutes which made correct venue of foreclosure actions a jurisdictional matter was repealed in 1978,P.A. 78-280, § 126, the correct venue is not mandatory, and therefore § 51-351[2] of the General Statutes governs." Id.
Accordingly, the defendant's motion to dismiss is denied.
BALLEN, J.